# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JONATHAN JOHNSON,     )
    )
    Petitioner,     )
    )
    v.     )     I.D. No. 1602004456A
    )
    )
THE STATE OF DELAWARE     )
(DAG) ALLISON ABESSINIO,     )
TIMOTHY WEILER, ESQ.     )
    )
    Defendants.     )

## ORDER

Submitted:  May 26, 2020
Decided:  August 14, 2020

*Upon the Commissioner's Report and Recommendation that the (i) Petition for a Writ of Mandamus Should Be Dismissed; (ii) Petition for Evidentiary Hearing Should be Denied; and (iii) Motion to Stay Should be Denied,*

**ADOPTED**.

Allison Abessinio, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Timothy Weiler, Esquire, Office of Defense Services, Wilmington, Delaware.

Jonathan Johnson, James T. Vaughn Correctional Center, Smyrna, Delaware. *Self-represented.*

**MEDINILLA, J.**

1

**AND NOW TO WIT**, this 14th day of August, 2020, upon consideration of Petitioner, Jonathan Johnson's ("Petitioner") Petition for a Writ of Mandamus, Petition for an Evidentiary Hearing, and Motion to Stay, the Commissioner's Report and Recommendation, and the record in this case, it appears to the Court that:

1.     Petitioner was charged with multiple offenses, after law enforcement executed a search warrant of his home and located firearms, ammunition, heroin, cocaine, and marijuana.[1]  On January 27, 2017, with the assistance of counsel, Petitioner filed a Motion to Suppress.[2]  On February 17, 2017, the Court held a hearing and denied the Motion to Suppress.[3]

2.     On April 25, 2017, the day of trial, Petitioner pled guilty to Drug Dealing (one count) and Possession of a Firearm During the Commission of a Felony (PFDCF) (one count).[4]  As part of the agreement, the State agreed to enter a *nolle prosequi* on the remaining charges.

3.     On July 26, 2017, the State filed a Motion to Declare Johnson a Habitual Offender and to be sentenced on the PFDCF charge under 11 *Del. C.* §

---

[1] On September 12, 2016, a Superior Court grand jury returned an indictment against the Petitioner for the following charges:  Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts).
[2] Johnson's Motion to Suppress *State of Delaware v. Jonathan Johnson*, ID No. 1602004456A, D.I. 22 (Del. Super. Ct. Jan. 27, 2017) [hereinafter the Court will refer to docket numbers].
[3] Trial Calendar/ Suppression Hearing:  Motion Denied, D.I. 29.
[4] *See* Trial Calendar – Pled Guilty PSI Ordered, D.I. 39.

4214.[5] On October 27, 2017, the Court granted the State's motion,[6] and sentenced Petitioner to the minimum mandatory twenty-five years at Level V for the PFDCF charge, and to probation for the Drug Dealing charge.[7]

4. On October 17, 2018, Petitioner filed a Motion for Postconviction Relief (Rule 61) under Superior Court Criminal Rule 61.[8] Between October 2019 and January 2020, Petitioner also filed a Petition for Writ of Mandamus with this Court,[9] a Petition for an Evidentiary Hearing,[10] and a Motion to Stay the consideration of his Rule 61 Motion.[11] During the pendency of his Rule 61 Motion, Petitioner also filed a Petition for Writ of Mandamus with the Delaware Supreme Court. On April 15, 2020, the Supreme Court denied his petition.[12] On May 14, 2020, the State filed responses to each of Petitioner's pending motions.

5. This Court referred Petitioner's pending motions[13] to Superior Court Commissioner, Katharine L. Mayer for proposed findings of fact and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62(a)(5).[14]

---

[5] State's Motion to Declare Johnson an Habitual Offender, D.I. 41; *see* 11 *Del. C.* § 4214.
[6] State's Motion to Declare Johnson an Habitual Offender Granted, D.I. 42.
[7] Sentencing Calendar: Johnson Sentenced, D.I. 41; *see* Sentence: ASOP Order Signed & Filed on 11/01/17, D.I. 43.
[8] Johnson's Motion for Postconviction Relief, D.I. 44.
[9] Johnson's Petition for a Writ of Mandamus, D.I. 75.
[10] Johnson's Petition for an Evidentiary Hearing, D.I. 78.
[11] Johnson's Motion to Stay, D.I. 81.
[12] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. 2020) (TABLE).
[13] Johnson's Rule 61 Motion, Johnson's Petition for a Writ of Mandamus, Johnson's Motion for an Evidentiary Hearing, and Johnson's Motion to Stay.
[14] *See* 10 *Del. C.* § 512(b)(1)(b) (2013 & Supp. 2016); DEL. SUPER. CT. CRIM. R. 62(a)(5) (Under Delaware Superior Court Rule 62(a)(5), the Court may refer to a Superior Court Commissioner

On May 26, 2020, the Commissioner issued a Report, recommending that this Court dismiss Petitioner's Petition for Writ of Mandamus as meritless, and subsequently deny Petitioner's Petition for an Evidentiary Hearing and Petitioner's Motion to Stay.[15]

6. After the Commissioner issues a report, "any party may serve and file written objections" to the report within ten days.[16] A party failing to comply with this ten-day time limit for appeal may foreclose that party's ability to object to the Commissioner's report.[17] On June 9, 2020, Petitioner filed an Amended Reply to the State's Response to his Motion for Postconviction Relief.[18] The Court preliminarily reviews this filing as an appeal.

7. An objection or appeal to a Commissioner's proposed findings of fact and recommendations must "set forth with particularity the basis for the objections."[19] In his Amended Reply, Petitioner references arguments presented in the State's Responses to his Petition for a Writ of Mandamus,[20] but fails to address

---

case-dispositive motions, including postconviction relief motions, and the Commissioner must submit "proposed findings of fact and recommendations for the disposition, by a judge, of any such matter.").

[15] Commissioner's Report and Recommendations and Order, D.I. 92 [hereinafter "Comm'r Report"].

[16] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

[17] DEL. SUPER. CT. CRIM. R. 62(b).

[18] *See* Johnson's Amended Reply, D.I. 93 [hereinafter "Pet.'s Amended Reply"].

[19] DEL. SUPER. CT. CRIM. R. 62(a)(5)(ii).

[20] *See* Pet.'s Amended Reply at 2.

any of the Commissioner's findings with particularity,[21] reiterating only prior arguments.

8. Since, Petitioner's Amended Reply cannot be considered an objection to the Commissioner's Report,[22] the Court "may accept, reject or modify, in whole or in part, the findings of fact or recommendations made by the Commissioner."[23]

9. The Court adopts *in toto* the findings of fact and recommendations in the Commissioner's Report. For the reasons stated in the Commissioner's Report, the Petition for a Writ of Mandamus is **DISSMISSED**, and as such, the Petition for an Evidentiary Hearing and Motion to Stay are **DENIED.**

**IT IS SO ORDERED**.

/s/Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
Department of Justice & Investigative Services

---

[21] *See* Pet.'s Amended Reply at 2.
[22] DEL. SUPER. CT. CRIM. R 62(b) ("A party . . . appealing the findings of fact and recommendations of a Commissioner . . . who fails to comply with the provisions of this rule may be subject to dismissal of said . . . appeal.").
[23] DEL. SUPER. CT. CRIM. R 62(a)(5)(ii).